## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| C.H. ROBINSON COMPANY, INC. ) <br> d/b/a Robinson Fresh ) <br> 14701 Charlson Road ) <br> Eden Prairie, MN 55347 ) <br> ) <br>       Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> PROMETO PRODUCE CORP. ) <br> c/o Vicente Diaz Moreno, Officer and Agent ) <br> 1209 S. 10th Street, Suite A, #733 ) <br> McAllen, TX 78501 ) <br> ) <br>     and ) <br> ) <br> VICENTE DIAZ MORENO ) <br> 1209 S. 10th Street, Suite A, #733 ) <br> McAllen, TX 78501 ) <br> ) <br>     Defendants. ) | CIVIL CASE NO.: |

## COMPLAINT

Plaintiff C.H. Robinson Company, Inc. d/b/a Robinson Fresh ("Plaintiff" or "C.H. Robinson") brings this civil action against Prometo Produce Corp. ("Prometo Produce") and Vicente Diaz Moreno, individually and in his corporate capacities (collectively, "Defendants"), for damages and equitable relief and alleges as follows:

## I.    JURISDICTION

1.    Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2), §499e(c)(5)(i), and §499g(b). This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

1

## II.    <u>VENUE</u>

2.      Venue is proper in this district pursuant to 7 U.S.C. §499g(b) in that Plaintiff obtained a reparation award from the U.S. Department of Agriculture and is seeking to enforce liability in this U.S. District Court.

3.      Venue is also proper in this district pursuant to 28 U.S.C. §1391 in that the Defendants are domiciled in this district.

## III.    <u>PARTIES</u>

4.      Plaintiff is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables nationwide.  At all times relevant herein, Plaintiff held federal produce license number 20001042 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

5.      Defendant Prometo Produce Corp. is a corporation with its principal place of business in McAllen, Texas and operating under State of Texas Tax ID 32067417686.  Prometo Produce was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA").  At all times relevant herein, Prometo Produce held federal produce license number 20160331 from the U.S. Department of Agriculture/PACA Branch. *See*, PACA license for Prometo Produce as retrieved from the USDA Agricultural Marketing Service website (https://usdaams.service-now.com/public_search) attached hereto and incorporated herein as "Exhibit A."  The license is a regularly maintained government document. The license has been suspended for non-payment to Plaintiff.

6.      Individual Defendant Vicente Diaz Moreno ("Individual Defendant") is or was an owner, officer, director, and/or at least 10% shareholder of Prometo Produce during the relevant time period, making him "responsibly connected" under PACA.  The Individual Defendant is or was a person in control of, and responsible for, the day-to-day operations of Prometo Produce and the disposition of Prometo Produce' assets, including its PACA trust assets.  The Individual Defendant is charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.  The Individual Defendant purposefully elected to pay other junior creditors instead of satisfying Plaintiff's priority PACA trust claim.

## IV.    CLAIMS FOR RELIEF

### COUNT I

### DEFENDANT PROMETO PRODUCE

**(Failure to Maintain PACA Trust)**

7.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

8.      At Prometo Produce' request, Plaintiff sold, on credit and through interstate commerce, wholesale quantities of perishable agricultural commodities to Defendants, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| C.H. Robinson Company, Inc. | October 31, 2022 | Fresh Avocados | $15,400.00 | $15,400.00 |

---

[1] Plus accruing interest at 1.50% per month and attorney fees and costs.

9.      Plaintiff duly delivered the perishable agricultural commodities to Prometo Produce.

10.     Prometo Produce received and accepted the perishable agricultural commodities from Plaintiff.

11.     Pursuant to the payment terms between the parties, Prometo Produce is in default with respect to the principal amount of $15,400.00 outstanding to Plaintiff. *See,* supporting sales documents including statement of account and unpaid invoice attached hereto and incorporated herein as "Exhibit B."

12.     Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by Prometo Produce to Plaintiff.

13.     Prometo Produce has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

14.     On each of the outstanding invoices sent by Plaintiff to Prometo Produce, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

15.     Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

4

16.    Upon information or belief, Prometo Produce has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

17.    The failure of Prometo Produce to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

18.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19.    Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were improperly expended by Prometo Produce and the Individual Defendant for other purposes.

20.    On each of the outstanding invoices sent by Plaintiff to Prometo Produce and the Individual Defendant, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

21.    Upon information and belief, Prometo Produce and the Individual Defendant received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay the outstanding invoices of Plaintiff but were not.

22.    The acts and omissions of Prometo Produce and the Individual Defendant have resulted in the diversion of trust assets which has prejudiced or impaired the ability of Plaintiff to receive payment in connection with the produce transaction.

23.    As a direct result of the dissipation of trust assets by Prometo Produce and the Individual Defendant, Plaintiff has suffered damages.

**COUNT III**

**DEFENDANT PROMETO PRODUCE**

**(Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))**

24.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

25.    Prometo Produce has failed and refused, without reasonable cause, to account and make full payment promptly of $15,400.00 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

26.    The failure and refusal of Prometo Produce to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA Regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))

27.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

28.    Upon information and belief, on or about October 31, 2022, the Individual Defendant managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

29.    Upon information and belief, Prometo Produce and the Individual Defendant received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices but were not.

30.    Upon information and belief, Prometo Produce and the Individual Defendant, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

31.    As a direct result of the foregoing, Prometo Produce and the Individual Defendant have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

### DEFENDANT PROMETO PRODUCE

**(Breach of Contract for Unpaid Invoices / Action on Account)**

32.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

33.      On October 31, 2022, Prometo Produce contracted with Plaintiff to purchase fresh produce on credit.

34.      Plaintiff faithfully performed all aspects of the contract with Prometo Produce receiving and accepting all the produce.

35.      Plaintiff properly invoiced each sales transaction, and pursuant to the payment terms between the parties, Prometo Produce is in default to Plaintiff on all amounts unpaid and outstanding.

36.      Prometo Produce breached the contract by failing and refusing to pay Plaintiff the principal sum of $15,400.00 despite due demand.  As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

## COUNT VI

### DEFENDANT PROMETO PRODUCE

**(Enforcement of U.S.D.A. Reparation Award [7 U.S.C. §499g(b)]**

37.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

38.      On October 31, 2022, Plaintiff sold to Prometo Produce $15,400.00 worth of produce on credit.

39.     Prometo Produce received and accepted the produce, but failed to pay for the produce, despite Plaintiff's repeated demands.

40.     Pursuant to 7 U.S.C. §499(f), Plaintiff filed an administrative reparation complaint with the U.S. Department of Agriculture ("USDA") against Prometo Produce.

41.     On or about August 22, 2023, the Secretary of the USDA entered an order ("Prometo Produce USDA Order") for a reparation award in favor of Plaintiff and against Prometo Produce in the principal amount of $15,400.00 plus interest at the contract rate of 18.00% per annum from December 1, 2022 until August 22, 2023, plus additional interest at 5.36% per annum from August 22, 2023 until paid in full, plus the $500.00 handling/filing fee Plaintiff paid to file its reparation complaint. A copy of the Prometo Produce USDA Order is attached hereto as "Exhibit C" and incorporated herein. Interest continues to accrue.

42.     Pursuant to the Prometo Produce USDA Order, Prometo Produce was required to pay the full award within 30 days, which it has failed and refused to do, thereby necessitating the filing of the instant enforcement Complaint.

43.     Pursuant to PACA, 7 U.S.C. §499g(b), if the reparation award is not paid within the time specified in the Prometo Produce USDA Order, Plaintiff is entitled to file the instant complaint in this U.S. District Court to enforce the award, plus additional interest, costs, and attorney fees.

44.     Also pursuant to PACA, 7 U.S.C. §499g(b), the findings and orders of the Secretary of Agriculture shall be *prima facie* evidence of its case against Prometo Produce.

45.     Plaintiff seeks entry of an order from this U.S. District Court enforcing the Prometo Produce USDA Order in the full principal amount of $15,400.00, plus all accrued interest, fees

and costs, all of which are mandatory damages to be awarded pursuant to federal statute.  7 U.S.C. §499g(b).

## COUNT VII

## ALL DEFENDANTS

### (Interest and Attorney Fees)

46.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

47.    Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, the Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of said amount.

48.    As a result of the failure of the Defendants to maintain the trusts and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

49.    As a result of the failure of the Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

50.    Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the lost interest on the outstanding amount owed, all because the violations by the Defendants of their statutory duties to maintain the trust and make full payment promptly.

51.    In addition to the above allegations, Plaintiff is contractually entitled to interest and attorney fees pursuant to the terms and conditions of sale, as between merchants of the same kind, as expressly stated on all invoices issued to Prometo Produce.

52.     In addition to the above allegations, Plaintiff is also statutorily entitled to interest and attorney fees pursuant to 7 U.S.C. §499(g) in enforcing the USDA reparation awards.

53.     In addition to the above allegations, Plaintiff also maintains claims and rights for attorney fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, with presentment of the claims having duly been made.

**WHEREFORE**, Plaintiff C.H. Robinson Company, Inc. prays that this Court issue an Order:

    a.    granting non-dischargeable judgment in favor of Plaintiff and against Defendants Prometo Produce Corp. and Vicente Diaz Moreno, jointly and severally, in the principal amount of $15,400.00, together with pre- and post-judgment interest at the contract rate of 18.00% per annum and the costs of this action as well as the $500.00 handling/filing fee for Plaintiff's reparation complaint against Prometo Produce Corp.;

    b.    enforcing the USDA reparation order against Prometo Produce Corp. pursuant to 7 U.S.C. §499g(b) and granting Plaintiff its full principal, accrued interest at the contract rate of 18.00% per annum, USDA handling fees, attorney fees, and costs, all of which are mandatory damages to be awarded;

    c.    declaring and directing all Defendants to establish and/or preserve trust funds consisting of money to pay Plaintiff's principal trust claim of $15,400.00 plus interest at the contract rate of 18.00% per annum plus attorney fees;

    d.    enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly and indirectly, interfering, assigning, or otherwise disposing of the above-

11

described trust funds, or any interest therein, in whole or in part, absolutely or as security;

e.    declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust funds as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

f.    granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.


Dated: October 17, 2023                              Respectfully submitted,

                                                     _s/ Mark A. Amendola_____
                                                     MARK A. AMENDOLA
                                                       OH Bar ID No.: 0042645
                                                       Admitted to S.D. Texas
                                                       S.D. Tx. Bar ID No.:34603
                                                     MARTYN AND ASSOCIATES CO.
                                                     820 W. Superior Avenue, Tenth Floor
                                                     Cleveland, Ohio 44113
                                                     Telephone: (216) 861-4700
                                                     Facsimile: (216) 861-4703
                                                     Email: mamendola@martynlawfirm.com

                                                     Attorney for Plaintiff C.H. Robinson
                                                     Company, Inc.